**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TERESA R. MARTIN,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:13-CV-1067-P** |
| | ) | **No. 3:02-CR-283-R (2)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated in case 3:05-CV-836-P, before the Court is the civil complaint of Teresa R. Martin that has been construed as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Based on the relevant findings and applicable law, the motion should be transferred to the Fifth Circuit as a successive motion.

**I. BACKGROUND**

On March 24, 2003, Teresa Martin (Movant) pled guilty to conspiracy to commit money laundering in Criminal Action No. 3:02-cr-283-R. *See United States v. Martin*, No. 3:02-cr-283-R (2) (N.D. Tex.) (docs. 55, 56, 57). The Court sentenced her to 110 months imprisonment, followed by three years supervised release, on July 25, 2003. (*Id.,* docs. 64, 66.) She initially appealed the judgment, but later moved to withdraw her appeal, and it was dismissed by the Fifth Circuit on April 2, 2004. *See* id., docs. 67, 78; *United States v. Martin*, No. 03-10773 (5th Cir. April 2, 2004). On April 26, 2005, Movant's first motion to vacate her sentence under § 2255 was received and assigned Civil Action No. 3:05-cv-836-R. The filings in the civil case were actually docketed in her criminal case, however. On September 12, 2008, the Court dismissed Movant's first § 2255 motion with prejudice. (3:02-cr-283-R, docs. 116, 117).

On March 7, Movant filed a civil complaint in her prior habeas case that challenges her conviction, and it has been liberally construed as a second motion to vacate under 28 U.S.C. § 2255.

She contends that the Court never ruled on her prior § 2255 motion, that her constitutional right to a jury trial was violated, and that there was no plea agreement in her criminal case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Contrary to movant's assertion, the Court did rule on her prior § 2255 motion. She now challenges the same conviction as in her prior motion, which was dismissed with prejudice. Because she now raises claims that she could have raised in her earlier motion, this action is successive

within the meaning of § 2255. *See United States v. Johnson*, 303 Fed. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court also lacks jurisdiction even if the movant's filing is construed as a § 2255 motion.

## III.  RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 19th day of March, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4